J-S55024-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KERRIE LEI GUIRLEO | : | |
| | : | |
| Appellant | : | No. 414 WDA 2019 |

Appeal from the PCRA Order Entered January 17, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001292-2015

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:            **FILED JANUARY 06, 2020**

Kerrie Lei Guirleo appeals from the denial of her petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. This case returns to us after this Court remanded the case for the PCRA court to hold a ***Grazier*** hearing.[1] ***See*** Order, filed 05/15/19. The PCRA court appointed counsel who has filed an ***Anders***[2] brief and a petition to withdraw as counsel. We deny counsel's petition to withdraw and remand with instructions.

We begin by noting that the proper filing in this case would be a ***Turner/Finley*** letter, as counsel wishes to withdraw on an appeal denying PCRA relief. ***See Commonwealth v. Widgins***, 29 A.3d 816, 817 n.2

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

(Pa.Super. 2011); ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 55 A.2d 213 (Pa.Super. 1988) (*en banc*). However, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner/Finley*** letter." ***Widgins***, 29 A.3d at 817 n.2. In any event, we analyze whether counsel's brief meets the standards of ***Turner/Finley***.

A ***Turner/Finley*** brief must: (1) detail the nature and extent of counsel's review; (2) list each issue the petitioner wished to have reviewed; and (3) an explanation of why the petitioner's issues were meritless. ***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1 (Pa. 2009). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007). If counsel has met the above requirements, we then conduct an independent review of the petitioner's issues to determine if they are in fact meritless. ***Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa.Super. 2016). Upon a conclusion that the claims are meritless, we will then grant counsel's petition to withdraw. ***Id.***

Here, counsel has failed to comply with ***Turner/Finley***. In his brief, counsel states that "[a]fter a thorough review and conscientious examination of the record," he believes the appeal is frivolous. Br. at 13. He also lists the four issues that Guirleo wishes to have reviewed. ***See id.*** at 2. However, counsel does not provide an explanation of why Guirleo's claims are meritless.

Instead, in a section of his brief entitled "Relevant Legal Authorities," he offers a statement of the relevant law regarding the PCRA's one-year time-bar and the exceptions to it. ***See id.*** at 5-9.

Accordingly, we deny counsel's petition to withdraw and remand for counsel to file either a petition to withdraw and a fully compliant ***Turner/Finley*** no-merit letter, or an advocate's brief, within 30 days from the date of this Memorandum.

Petition denied. Case remanded with instructions. Jurisdiction retained.